UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NGOC HANH TRAN | CIVIL ACTION |
| VERSUS | NO: 2:23-4882 |
| STATE FARM FIRE & CASUALTY COMPANY | SECTION: T (3) |

## ORDER AND REASONS

Before the Court is Defendant's, State Farm Fire & Casualty Company ("State Farm"), Motion for Summary Judgment, R. Doc. 21. For the following reasons, the motion is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

## BACKGROUND

This is an alleged Hurricane Ida insurance case. The Complaint alleges that the Plaintiff's home located at 839 Behrman Highway, Terrytown, Louisiana, ("the Residence") was damaged by Hurricane Ida, on or about August 29, 2021, and that at the time of the hurricane, State Farm issued a valid policy of insurance covering the Plaintiff and/or the Residence described in the Complaint. R. Doc. 1. Plaintiff asserts State Farm committed a breach of contract when it did not pay for damages to the Residence or losses under the alleged policy. *Id.* State Farm moves for summary judgment on the grounds that Plaintiff did not have an insurance policy on or before Hurricane Ida. R. Doc. 21. It supports the motion with an Affidavit of Lisa Michele Deen, a Claim Team Manager for State Farm, who attests that State Farm did not provide a policy of insurance to Plaintiff or for the Residence on or before the date of the alleged loss, August 29, 2021. R. Doc. 21-4. State Farm instead issued a business policy to the Residence on June 16, 2022. *Id.* State Farm

1

argues that without a valid insurance policy on or before the date of the alleged loss, Plaintiff cannot show contractual privity. R. Doc. 21.

The submission date for the motion for summary judgment was April 9, 2025. Plaintiff has not filed any opposition. Therefore, the motion is deemed unopposed.

## LAW & ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins*. Co., 530 F.3d 395, 398–99 (5th Cir. 2008). The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial." *Smith v. Reg'l Transit Auth*., 827 F.3d 412, 420 n.4 (5th Cir. 2016).

Insurance contract interpretation is a question of law in Louisiana. *See Martco Ltd. P'ship v. Wellons, Inc*., 588 F.3d 864, 878 (5th Cir. 2009). While "'[a] motion for summary judgment cannot be granted simply because there is no opposition', a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Day v. Wells Fargo Bank Nat. Ass'n*, 768 F.3d 435 (5th Cir. 2014) (unpubl.) (quoting *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)). In an unopposed motion for summary judgment, a court accepts the movant's

2

evidence as undisputed. *Cortez v. Lamorak Ins. Co.*, 2022 WL 3370149, at *3 (E.D. La. Aug. 16, 2022) (citing *Morgan v. Fed. Express Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015) (collecting cases)).

The Court accepts State Farm's undisputed evidence that Plaintiff did not have a valid insurance policy with State Farm covering the Residence on the alleged loss date. Plaintiff was therefore not in contractual privity with State Farm. "In order to succeed on a breach of contract claim, the Plaintiff must prove the existence of the contract, a breach of the obligations therein, and damages." *Allday v. Newpark Square I Office Condo. Ass'n, Inc.*, 327 So. 3d 566, 574 (La. App. 5 Cir. 2021). Because Plaintiff does not show that State Farm was a party to any insurance policy on or before the alleged loss date, he fails to prove the "existence of a contract," or contractual privity, and therefore State Farm is entitled to summary judgment. *See*, *e.g.*, *Upper Room Bible Church, Inc. v. Sedgwick Delegated Auth.,* 2022 WL 17735546, at *2 (E.D. La. Dec. 16, 2022) (if a defendant is not a party to a contract with the plaintiff and the plaintiff is not a third-party beneficiary to another contract, then the plaintiff cannot recover against the defendant for breach of contract because "[n]o action for breach of contract may lie in the absence of privity of contract between the parties."). This court routinely dismisses suits against alleged insurers when the named defendant insurer is not a party to a valid insurance contract. *See e.g.*, *Aguilar v. Allstate Fire & Cas. Ins. Co.*, 2007 WL 734809, at *5 (E.D. La. Mar. 6, 2007); *Skinner v. State Farm Fire & Cas. Co.*, 2008 WL 11357737, at *2 (E.D. La. Apr. 30, 2008).

Accordingly,

**IT IS ORDERED** that State Farm's Motion for Summary Judgment is **GRANTED**.

Plaintiff's claims are **DISMISSED WITH PREJUDICE**. The Court will enter judgment in favor of Defendant.

New Orleans, Louisiana, this 30th day of April 2025.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

4